101 F.3d 717
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Conchita T. AYSON, Petitioner,
v.
MERIT SYSTEM PROTECTION BOARD, Respondent.
 No. 96-3240.
 United States Court of Appeals, Federal Circuit.
 Nov. 26, 1996.
 
 Before ARCHER, Chief Judge, and NEWMAN, AND MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Conchita T. Ayson (Ayson) appeals the decision of the Merit Systems Protection Board (Board) dismissing her appeal, SE-0831-96-0010-I-1, as untimely. We affirm.
 
 BACKGROUND
 
 2
 The Office of Personnel Management (OPM) denied Ayson's request for an annuity under the Civil Service Retirement System (CSRS) in its reconsideration decision on February 13, 1995. That decision informed Ayson that she had thirty-five days after the date of decision in which to file an appeal with the Board. The decision also provided instructions for filing such an appeal. Ayson, however, did not file her appeal until September 19, 1995. The administrative judge assigned to the case issued an order on October 6, 1995, directing Ayson to provide within thirty days evidence and argument that her appeal was timely filed or that there was good cause for the delay. Although Ayson filed a submission on October 16, 1995, she did not address the timeliness issue.
 
 
 3
 On October 20, 1995, the agency filed a motion to dismiss the appeal because there was no showing of good cause for the untimely filing. The administrative judge issued an initial decision on December 7, 1995, dismissing the appeal as untimely. This decision became final on April 26, 1996, when the Board denied Ayson's petition for review.
 
 DECISION
 
 4
 Our standard of review of Board decisions is prescribed by statute: we can reverse the Board only if its decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without required procedures; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986). Whether a regulatory time limit for an appeal should be waived upon a showing of good cause is a matter committed to the Board's discretion. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 5
 An appeal from an agency decision without an effective date must be filed within thirty-five days of the issuance of that decision. 5 C.F.R. § 1201.22(b) (1996). If an appeal is not filed within this time period, "it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c) (1996).
 
 
 6
 Here, OPM in its denial of CSRS annuity benefits notified Ayson of the thirty-five day time limitation period for filing an appeal to the Board. In her appeal to the Board, Ms. Ayson provided no reason why her appeal was filed late. Then, pursuant to the Board's order of October 6 to show good cause for the lateness of her appeal, Ayson filed a response but did not address the untimeless issue. Now in this appeal the only proffered reason for her delay is that she was not living with her husband at the time of his death. This conclusory statement, however, is insufficient because it is raised for the first time before this court. Moreover, this alleged reason for delay in timely filing an appeal is wholly inconsistent with her timely, though insufficient, response to the Board's order of October 6. Accordingly, we cannot discern an abuse of discretion in the Board's decision and affirm the dismissal of the appeal.